# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Richard Goettle, Inc.,

Case No. 20-cv-2068 (WMW/TNL)

Plaintiff,

v.

Kevitt Excavating, LLC, et al.,

Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS**

This matter is before the Court on the Plaintiff Richard Goettle, Inc.'s (Goettle's) motion to dismiss Defendant Kevitt Excavating LLC's (Kevitt's) counterclaims. (Dkt. 31.) For the reasons addressed below, the motion is granted in part and denied in part.

## BACKGROUND

Goettle is an Ohio construction company with its principal place of business in Hamilton County, Ohio. Kevitt is a Minnesota construction company with its principal place of business in Crystal, Minnesota. The City of Minneapolis (City) engaged Kevitt to perform excavation work on a construction project in downtown Minneapolis (the Project). In January 2019, Goettle signed a contract with Kevitt to perform drilling work for the Project (the Subcontract).[1] Allegedly, the construction project was delayed for

---

[1]     The complaint alleges that Kevitt and Goettle executed a contract on January 14, 2018. This appears to be a typographical error. The record provides that the Subcontract between the parties was signed on January 14, 2019.

various reasons. A payment dispute arose between Kevitt and the Project construction manager and, subsequently, between Kevitt and Goettle.

In August 2019, Goettle commenced a lawsuit against Kevitt and Defendant Granite Re, Inc. (Granite Re), Kevitt's payment-bond surety, in Ohio state court, alleging claims of breach of contract (Count I), unjust enrichment (Count II), "payment on bond" (Count III), and negligence (Count IV). Kevitt filed an answer and alleged counterclaims of breach of contract (Counts I and II), "offset and set off" (Count III), "equitable relief" (Count IV), and declaratory judgment (Count V). Granite Re removed this case to the United States District Court for the Southern District of Ohio which subsequently granted Kevitt's motion to transfer this case to the United States District Court for the District of Minnesota.

Goettle now seeks to dismiss Kevitt's counterclaims for failure to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

## ANALYSIS

If a complaint fails to state a claim on which relief can be granted, dismissal is warranted. *See* Fed. R. Civ. P. 12(b)(6). When determining whether a complaint states a facially plausible claim, a district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). Factual allegations must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Legal

conclusions couched as factual allegations may be disregarded.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  On a motion to dismiss, a district court may consider the complaint, exhibits attached to the complaint, and documents that are necessarily embraced by the complaint, without converting the motion into one for summary judgment.  *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).  The Court addresses arguments as to each count of Kevitt's counterclaims in turn.

## I.  Breach of Contract (Counterclaim Counts I and II)

Goettle argues that Kevitt's breach-of-contract counterclaims fail because Kevitt has not alleged damages.  Kevitt responds that it need not plead damages to state a breach-of-contract counterclaim.

"Under Minnesota law, a breach-of-contract claim has four elements: (1) formation of a contract; (2) performance by plaintiff of any conditions precedent; (3) a material breach of the contract by defendant; and (4) damages."  *Nelson v. Am. Fam. Mut. Ins. Co.*, 899 F.3d 475, 480 (8th Cir. 2018) (internal quotation marks omitted). Only the damages element is at issue here.  Minnesota law provides that a "breach of contract claim fails as a matter of law if the plaintiff cannot establish that he or she has been damaged by the alleged breach."  *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 920 (8th Cir. 2013) (quoting *Jensen v. Duluth Area YMCA*, 688 N.W.2d 574, 578–79 (Minn. Ct. App. 2004)).  Kevitt's argument that it need not allege damages, therefore, lacks merit.

Kevitt argues, alternatively, that if damages must be pled, it has done so by pleading damages arising from Goettle's alleged (1) Project delays, (2) failure to

"meaningfully contribute to Kevitt's negotiations and ultimate settlement with the City"
(3) and refusal to "honor its defense and indemnity obligations."[2]  Paragraph 102 of
Kevitt's answer and counterclaims alleges that Kevitt "disputed Goettle's entitlement to
funds from April up until October 21, 2019[,] when the City paid Kevitt and Kevitt paid
Goettle $188,555.90."  This allegation is not, as Goettle argues, necessarily a concession
that Kevitt has sustained *no damages* from any purported contract disputes between
Kevitt and Goettle.  Moreover, Kevitt alleges damages in its two breach-of-contract
counterclaims, Counts I and II, in amounts exceeding $500,000, and $75,000,
respectively.  These allegations satisfy Kevitt's burden to plausibly plead damages.  *See*
*Twombly*, 550 U.S. at 556 (providing that a plaintiff may rely on a "reasonable
expectation that discovery will reveal evidence" of the alleged conduct).

Therefore, Goettle's motion to dismiss Kevitt's breach-of-contract counterclaims,
Counts I and II, is denied.

## II.    "Offset and Set Off" (Counterclaim Count III)

Goettle argues that Kevitt's "offset and set off" counterclaim fails because Kevitt
lacks such a right.  Kevitt disagrees.

"The right of setoff (also called offset) allows entities that owe each other money
to apply their mutual debts against each other, thereby avoiding the absurdity of making

---

[2]     In its reply brief, Goettle does not directly address Kevitt's argument that Kevitt
has plausibly alleged damages arising from Goettle's alleged contract breaches.  Rather,
Goettle argues that Kevitt "must have some explanation as to how it could admittedly
owe Goettle $18,555.90 on October 21, 2019, but then somehow, on October 22, 2019,
conclude that Goettle owed Kevitt an untold amount of money."  Goettle advances no
legal argument as to why Kevitt is required to provide such an explanation, however.

A pay B when B owes A." *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18 (1995) (internal quotation marks omitted) (addressing setoff/offset rights in bankruptcy context). And the law encourages the adjustment of a defendant's demand by counterclaim in a plaintiff's action, rather than by an independent suit. *Chi. & N.W. Ry. Co. v. Lindell*, 281 U.S. 14, 17 (1930). Minnesota law recognizes both a contractual and equitable right of setoff. *Minn. Voyageur Houseboats, Inc. v. Las Vegas Marine Supply, Inc.*, 708 N.W.2d 521, 525 (Minn. 2006).

Here, Kevitt alleges that it is entitled to exercise contractual and common-law setoff rights by withholding amounts from Goettle that Goettle claims are still due. Although Goettle argues that an offset, or a setoff, cannot form the basis of an independent counterclaim, Goettle has not identified any legal rule precluding such a claim, and the Court's research has not identified any. Indeed, the fact that the parties disagree as to whether Kevitt owed Goettle more or less than $188,555.90, which is the amount that Kevitt sent Goettle in October 2019 via check, suggests that Kevitt might have setoff or offset the amount Kevitt believes it was owed from the amount Kevitt believes it owed Goettle.

Therefore, Goettle's motion to dismiss Kevitt's "offset and set off" counterclaim, Count III, is denied.

## III. Equitable Relief (Counterclaim Count IV)

Goettle argues that Kevitt's counterclaim for equitable relief must be dismissed because a contract governs the parties' relationship. Kevitt contends that the claim is

pled in the alternative and discovery is necessary to determine whether any recovery would be contractual or equitable.

An equitable claim does not lie when the existence of an available legal remedy is undisputed. *Loftness Specialized Farm Equip., Inc. v. Twiestmeyer*, 742 F.3d 845, 854 (8th Cir. 2014) (reasoning that the dismissal of an unjust-enrichment claim was legally sound and plaintiffs "were not entitled to plead unjust enrichment in the alternative because the parties' relationships were governed by various contracts," and "[s]o long as an adequate legal remedy exists, equitable remedies like unjust enrichment are not available"); *accord U.S. Fire Ins. Co. v. Minn. State Zoological Bd.*, 307 N.W.2d 490, 497 (Minn. 1981) (recognizing that under Minnesota law, "equitable relief cannot be granted where the rights of the parties are governed by a valid contract").

Here, Kevitt alleges in its equitable claim that it is entitled to an order "requiring Goettle to defend and indemnify Kevitt for the $412,500 withheld from Kevitt's contract [with the City] and for attorneys' fees and expenses including expert fees." But no party argues that there is an invalid contract. *See U.S. Fire Ins. Co.*, 307 N.W.2d at 497 (rejecting claim for equitable relief after holding valid contract existed). Indeed, at the hearing on the motion to dismiss, counsel for both Goettle and Kevitt confirmed the existence of a valid contract between the parties.

For these reasons, Goettle's motion to dismiss Kevitt's equitable-relief counterclaim, Count IV, is granted.

## IV. Declaratory Judgment (Counterclaim Count V)

Goettle also argues that, in the absence of a viable cause of action between the parties, Kevitt's counterclaim for a declaratory judgment must be dismissed. Kevitt disagrees, arguing that, because it has viable counterclaims, its declaratory-judgment claim survives.

Under Minnesota law, courts may "declare rights, status, and other legal relations whether or not further relief is or could be claimed." Minn. Stat. § 555.01. And parties to a written contract "may have determined any question of construction or validity" arising under the contract. Minn. Stat. § 555.02. But the court's jurisdiction over a declaratory-judgment proceeding does not exist "unless there is a justiciable controversy." *Onvoy, Inc. v. ALLETE, Inc.*, 736 N.W.2d 611, 617 (Minn. 2007). Because Kevitt's breach-of-contract counterclaims survive dismissal, Kevitt's claim for declaratory judgment survives as well.

Therefore, Goettle's motion to dismiss Kevitt's declaratory-judgment counterclaim, Count V, is denied.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that Plaintiff Richard Goettle, Inc.'s motion to dismiss, (Dkt. 31), is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Goettle's motion to dismiss Defendant Kevitt Excavating, LLC's Counterclaim Count IV is **GRANTED**; and

2.     Goettle's motion to dismiss Defendant Kevitt Excavating, LLC's Counterclaim Counts I, II, III and V is **DENIED**.


Dated:  July 12, 2021                                   s/Wilhelmina M. Wright
                                                        Wilhelmina M. Wright
                                                        United States District Judge